UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

RANDY L. HANCOCK,  )
  ) 04 10781 DPW
Plaintiff,  )
  )
  ) MAGISTRATE JUDGE Alexander
v.  )
  )
  ) CAUSE NO:
PRINCETON PROPERTIES  )
MANAGEMENT, INC. d/b/a  )
PRINCETON PROPERTIES  )
APARTMENTS, and  )
CHRISTIAN H. GARGUREVICH  )
  )
Defendants.  )

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED Yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. TOM
DATE 4/16/04

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF CASE

1. This is a diversity action brought pursuant to 28 U.S.C. § 1332(a), alleging negligence under Massachusetts Common Law for serious personal injuries suffered as a result of a slip and fall on an unnatural accumulation of snow and ice.

### I. PARTIES

2. Plaintiff, Randy L. Hancock ("Plaintiff") is an individual, and at all relevant times to this action has been a legal resident of the State of Texas.

3. Defendant, Princeton Properties Management, Inc. d/b/a Princeton Properties Apartments ("Princeton Properties"), is a corporation organized under the laws of the Commonwealth of Massachusetts doing business within the geographic boundaries of the Eastern District of Massachusetts at all times relevant to this action.

-1-

4. Defendant, Christian H. Gargurevich ("Gargurevich"), is an individual, and at all relevant times to this action has resided within the geographic boundaries of the Eastern District of Massachusetts.

## II. JURISDICTION AND VENUE

5. Plaintiff brings this Massachusetts negligence action under 28 U.S.C. § 1332(a).

6. The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

8. Plaintiff gave Princeton Properties timely notice of his injuries and defective conditions of its premises pursuant to M.G.L. ch. 84 § 19 and § 21.

9. All facts, events, and transactions giving rise to this lawsuit occurred within the federal district for the Eastern District of Massachusetts; therefore, venue is properly with this Court.

## III. FACTUAL ALLEGATIONS

10. On Sunday, February 8, 2004 between 1:00 or 2:00 p.m., the Plaintiff slipped and fell on a large, thick, unnatural, hazardous accumulation of jagged ice.

11. The unnatural sheet of ice covered the entire walkway between building 736 and 740 of Princeton Properties and extended out into the parking lot measuring approximately 50 to 75 feet in length and 2 to 5 inches thick.

12. Over the weekend of February 8, 2004, it had snowed, and the temperature warmed up enough and melted the snow and ice and then re-froze, making the sheet of ice jagged and uneven with impressions of footprints and tire tracks, where people had walked and vehicles had driven and parked.

13. The unnatural sheet of ice had originally formed because of defects in the construction, maintenance, and/or operation of the apartment building's drainage system.

14. Princeton Properties negligently constructed, maintained, permitted and/or caused water to be artificially channeled on to the walkway and parking lot where it froze forming a large, thick, hazardous, unnatural sheet of jagged ice.

15. When Plaintiff fell, his left foot became trapped underneath a silver Nissan Maxima owned by Gargurevich, which was illegally parked in the walkway and a handicapped space.

16. Plaintiff was taken to Lowell General Hospital, where he underwent multiple surgeries on his leg.

17. Princeton Properties had received a number of complaints regarding illegally parked vehicles in handicapped spaces. However, no corrective action was ever taken.

18. As a direct and proximate cause of both of the Defendants negligence, Plaintiff has suffered much physical pain, been unable to work, and has incurred medical bills in excess of $60,000.

## IV. CLAIMS

### A. COUNT I - NEGLIGENCE

19. The Plaintiff hereby incorporates paragraphs one (1) through eight-teen (18) of

this Complaint as if the same were set forth at length herein.

20. At all times relevant times, Princeton Properties owed the Plaintiff a duty to exercise reasonable care to keep the aforesaid premises in a reasonably safe condition and to warn against dangers, not known to the Plaintiff or obvious to an ordinarily intelligent person, which Princeton Properties knew existed or reasonably should have known existed.

21. Princeton Properties knew of or reasonably should have known of the defects in the drainage system of building 736 and 740, and large, thick, hazardous, unnatural sheet of ice it creates during the winter.

22. Princeton Properties, its agents, employees or servants, failed to exercise reasonable care to keep the aforesaid premises in a reasonably safe condition.

23. Princeton Properties, its agents, employees or servants, failed to warn the Plaintiff against danger, not known to the Plaintiff or obvious to an ordinarily intelligent person, which Princeton Properties knew or reasonably should have known existed.

24. As a direct and proximate result of the conduct of Princeton Properties, its agents, employees or servants, the Plaintiff sustained serious personal injuries, suffered great pain of body and anguish of mind, lost wages, and continues to be put to great expense for medical treatment and attendance.

### B. COUNT II - NEGLIGENCE

25. The Plaintiff hereby incorporates paragraphs one (1) through twenty-four (24) of this Complaint as if the same were set forth at length herein.

26. At all relevant times, Gargurevich owed the Plaintiff a duty to exercise reasonable care to operate, use, and park his automobile in a reasonably safe condition and to warn against

dangers, not known to the Plaintiff or obvious to an ordinarily intelligent person, which Gargurevich knew existed or reasonably should have known existed.

27. Gargurevich breached said duty by carelessly parking his 1995 silver Nissan Maxima in the main walkway of two residential apartment buildings and further by illegally parking his vehicle in a handicap space without the required placard or sticker.

28. Gargurevich has habitually parked and continues to park his vehicle in the main walkway and in the handicapped parking space without the required placard or sticker.

29. Gargurevich failed to exercise reasonable care in operating, using, and/or parking his vehicle in a reasonably safe manner.

30. Gargurevich, failed to warn the Plaintiff against danger, not known to the Plaintiff or obvious to an ordinarily intelligent person, which Gargurevich knew existed or reasonably should have known existed.

31. As a direct and proximate result of Gargurevich's conduct, the Plaintiff sustained serious personal injuries, suffered great pain of body and anguish of mind, lost wages, and continues to be put to great expense for medical treatment and attendance.

### C. COUNT III – NEGLIGENCE

32. The Plaintiff hereby incorporates paragraphs one (1) through thirty-one (31) of this Complaint as if the same were set forth at length herein.

33. At all relevant times, Princeton Properties owed the Plaintiff a duty to exercise reasonable care to keep the aforesaid premises in a reasonably safe condition and to warn against dangers, not known to the Plaintiff or obvious to an ordinarily intelligent person, which Princeton Properties knew existed or reasonably should have known existed.

34. Despite being notified on multiple occasions, Princeton Properties breach said duty by carelessly permitting and allowing Gargurevich to park his 1995 silver Nissan Maxima in the walkway and illegally in a handicap space without the required placard.

35. Princeton Properties, its agents, employees or servants, failed to exercise reasonable care to keep the aforesaid premises in a reasonably safe condition

36. Princeton Properties, its agents, employees or servants, failed to warn the Plaintiff against dangers, not known to the Plaintiff or obvious to an ordinarily intelligent person, which Princeton Properties knew existed or reasonably should have known existed.

37. As a direct and proximate result of the conduct of Princeton Properties, its agents, employees or servants, the Plaintiff sustained serious personal injuries, suffered great pain of body and anguish of mind, lost wages, and continues to be put to great expense for medical treatment and attendance.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Randy L. Hancock, by counsel, respectfully requests that this Court enter judgment in his favor and award him $750,000 for all three counts of negligence.

## DEMAND FOR JURY TRIAL

Plaintiff, Randy L. Hancock, by his attorney, respectfully requests a jury trial for all issues deemed triable by jury.

Plaintiff
By his Attorney,

_____
Martin S. Hancock (B.B.O. No. 657223)

MARTIN HANCOCK
190 Littleton Road
Westford, MA 01886
Telephone: (978) 392-0884
Facsimile: (978) 392-0946

Dated: April 15, 2004

## VERIFICATION

I, Randy L. Hancock do depose and state that I have read the foregoing complaint and have knowledge of the facts set forth therein, and that the facts alleged are true and correct to the best of my knowledge, information and belief on this 15th, day of April, 2004.

Signed under the pains and penalties of perjury this 15 day of April 2004.

_____
Randy L. Hancock