UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

```
                                              )
RANDY L. HANCOCK,                             )
       Plaintiff                              )
v.                                            )
                                              )
PRINCETON PROPERTIES MANAGEMENT, INC.         ) C.A. NO. 04-10781NMG
d/b/a PRINCETON PROPERTIES APARTMENTS,        )
CHRISTIAN H. GARGUREVICH, ROLAND FONG         )
dba R & R LAWN MAINTENANCE & LANDSCAPING,     )
and GREATSCAPES OF NASHUA, INC.,              )
       Defendants                             )
                                              )
```

### SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

#### I. NATURE OF CASE

1.   This is a diversity action brought pursuant to 28 U.S.C. Section 1332(a) under Massachusetts Common Law for serious personal injuries suffered as a result of a slip and fall on an unnatural accumulation of snow and ice.

#### II. PARTIES

2.   Plaintiff, Randy L . Hancock ("Plaintiff") is an individual who now resides in Illinois.

3.   Defendant, Princeton Properties Management, Inc. d/b/a Princeton Properties Apartments ("Princeton Properties"), is a corporation organized under the laws of the Commonwealth of Massachusetts doing business within the geographic boundaries of the Eastern District of Massachusetts at all times relevant to this action.

4.   Defendant, Christian H. Gargurevich ("Gargurevich"), is an individual, and at all relevant times to this action has resided within the geographic boundaries of the Eastern District of Massachusetts.

5.   Defendant, Roland Fong dba R & R Lawn Maintenance & Landscaping is an individual with a principal place of business in Nashua, New Hampshire.

6. Defendant, Greatscapes of Nashua, Inc., is a corporation duly organized under the laws of the State of New Hampshire with a principal place of business in Nashua, New Hampshire.

### III. JURISDICTION AND VENUE

7. Plaintiff brings this Massachusetts negligence action under 28 U.S.C. Section 1332(a).

8. The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a).

10. Plaintiff gave Princeton Properties timely notice of his injuries and defection conditions of its premises pursuant to M.G.L. ch.84 section 19 and section 21.

11. All facts, events, and transactions giving rise to this lawsuit occurred within the federal district for the Eastern District of Massachusetts; therefore, venue is properly with this Court.

### IV. FACTUAL ALLEGATIONS

12. On Sunday, February 8, 2004 between 1:00 or 2:00 p.m., the Plaintiff slipped and fell on a large, thick, unnatural hazardous accumulation of jagged ice.

13. The unnatural sheet of ice covered the entire walkway between building 736 and 740 of Princeton Properties and extended out into the parking lot measuring approximately 50 to 75 feet in length and 2 to 5 inches thick.

14. Over the weekend of February 8, 2004, it had snowed, and the temperature warmed up enough and melted the snow and ice and then re-froze, making the sheet of ice jagged and uneven with impressions of footprints and tire tracks, where people had walked and vehicles had driven and parked.

15. The unnatural sheet of ice had originally formed because of defects in the construction, maintenance, and/or operation of the apartment building's drainage system.

16. Princeton Properties negligently constructed, maintained, permitted and/or caused water to be artificially channeled on to the walkway and parking lot where it froze forming a large, thick, hazardous, unnatural sheet of jagged ice.

17. When Plaintiff fell, his left foot became trapped underneath a silver Nissan Maxima owned by Gargurevich, which was illegally parked in the walkway and a handicapped space.

18. Plaintiff was taken to Lowell General Hospital and underwent multiple surgeries on his leg.

19. Princeton Properties had received a number of complaints regarding illegally parked vehicles in handicapped spaces. However, no corrective action was ever taken.

20. Roland Fong dba R & R Lawn Maintenance and Landscaping was, in whole or in part, responsible for maintaining the apartment complex where the Plaintiff fell free of dangerous accumulations of ice/snow.

21. The Defendant, Greatscapes of Nashua, Inc., was, in whole or in part, responsible for maintaining the apartment complex where the Plaintiff fell free from dangerous accumulations of ice/snow.

22. As a direct and proximate cause of the Defendants' negligence, Plaintiff has suffered much physical pain, being unable to work, and has incurred medical bills in excess of $60,000.00.

## V. CLAIMS

A. COUNT I – RANDY HANCOCK V. PRINCETON PROPERTIES - NEGLIGENCE

23. The Plaintiff hereby incorporates paragraphs one (1) through twenty (20) of this Complaint as if the same were set forth at length herein.

24. At all relevant times, Princeton Properties owed the Plaintiff a duty to exercise reasonable care to keep the aforesaid premises in a reasonably safe condition and to warn against dangers, not known to the Plaintiff or obvious to an ordinarily intelligent person, which Princeton Properties knew existed or reasonably should have known existed.

25. Princeton Properties knew of or reasonably should have known of the defects in the drainage system of building 736 and 740, and the large, thick, hazardous, unnatural sheet of ice it creates during the winter.

26.     Princeton Properties, its agents, employees or servants, failed to exercise reasonable care to keep the aforesaid premises in a reasonably safe condition.

27.     Princeton Properties, its agents, employees or servants, failed to warn the Plaintiff against danger, not known to the Plaintiff or obvious to an ordinarily intelligent person, which Princeton Properties knew or reasonably should have known existed.

28.     As a direct and proximate result of the conduct of Princeton Properties, its agents, employees or servants, the Plaintiff sustained serious personal injuries, suffered great pain of body and anguish of mind, lost wages, and continues to be put to great expense for medical treatment and attendance.

B. COUNT II – RANDY HANCOCK V. CHRISTIAN H. GARGUREVICH - NEGLIGENCE

29.     The Plaintiff hereby incorporates paragraphs one (1) through twenty-eight (28) of this Complaint as if the same were set forth at length herein.

30.     At all relevant times, Gargurevich owed the Plaintiff a duty to exercise reasonable care to operate, use and park his automobile in a reasonably safe condition and to warn against dangers, not known to the Plaintiff or obvious to an ordinarily intelligent person, which Gargurevich knew existed or reasonably should have known existed.

31.     Gargurevich breached said duty by carelessly parking his 1995 silver Nissan Maxima in the main walkway of two residential apartment buildings and further by illegally parking his vehicle in a handicap space without the required placard or sticker.

32.     Gargurevich has habitually parked and continues to park his vehicle in the main walkway and in the handicapped parking space without the required placard or sticker.

33.     Gargurevich failed to exercise reasonable care in operating, using, and/or parking his vehicle in a reasonably safe manner.

34.     Gargurevich failed to warn the Plaintiff against danger, not known to the Plaintiff or obvious to an ordinarily intelligent person, which Gargurevich knew existed or reasonably should have known existed.

35.     As a direct and proximate result of Gargurevich's conduct, the Plaintiff sustained serious personal injuries, suffered great pain of body and anguish of mind, lost wages, and continues to be put to great expense for medical treatment and attendance.

C. COUNT III – RANDY HANCOCK V. PRINCETON PROPERTIES – NEGLIGENCE

36. The Plaintiff hereby incorporates paragraphs one (1) through thirty-five (35) of this Complaint as if the same were set forth at length herein.

37. At all relevant times, Princeton Properties owed the Plaintiff a duty to exercise reasonable care to keep the aforesaid premises in a reasonably safe condition and to warn against dangers, not known to the Plaintiff or obvious to an ordinarily intelligent person, which Princeton Properties knew existed or reasonably should have known existed.

38. Despite being notified on multiple occasions, Princeton Properties breached said duty by carelessly permitting and allowing Gargurevich to park his 1995 silver Nissan Maxima in the walkway and illegally in a handicap space without the required placard.

39. Princeton Properties, its agents, employees or servants, failed to exercise reasonable care to keep the aforesaid premises in a reasonably safe condition.

40. Princeton Properties, its agents, employees or servants, failed to warn to Plaintiff against dangers, not known to the Plaintiff, or obvious to an ordinarily intelligent person, which Princeton Properties knew existed or reasonably should have known existed.

41. As a direct and proximate result of the conduct of Princeton Properties, its agents, employees or servants, the Plaintiff sustained serious personal injuries, suffered great pain of body and anguish of mind, lost wages, and continues to be put to great expense for medical treatment and attendance.

D. COUNT IV – RANDY HANCOCK V. PRINCETON PROPERTIES – BREACH OF WARRANTY OF HABITABILITY

42. The Plaintiff hereby incorporated paragraphs one (1) through forty one (41) of this complaint as if fully and completely set forth herein.

43. The Plaintiff at all pertinent times was a lawful occupant of an extended stay residential apartment.

44. In the rental of premises for living purposes there is an implied warranty of habitability.

45. The Defendant, Princeton Properties, was responsible for maintaining the area where the Plaintiff fell in accordance with the implied warranty of habitability.

46. The Defendant, Princeton Properties, breached the implied warranty of habitability in the manner in which it maintained the area where the Plaintiff slipped and fell.

47. As a direct and proximate result of the Defendant, Princeton Properties', its agents, servants, or employees' breach of the implied warranty of habitability, the Plaintiff was caused to sustain severe and permanent personal injuries, has suffered great pain of body and anguish of mind, has incurred medical expenses he would not otherwise have incurred, lost wages, and has otherwise been harmed and damaged.

E. COUNT V -- RANDY HANCOCK V. PRINCETON PROPERTIES -- BREACH OF COVENANT OF QUIET ENJOYMENT

48. The Plaintiff hereby incorporates paragraphs one (1) through forty-seven (47) of this complaint as if fully and completely set forth herein.

49. In the rental of premises of living purposes, there is a covenant of quiet enjoyment.

50. The Defendant, breached the covenant of quiet enjoyment in the manner in which it maintained the area where the Plaintiff slipped and fell.

51. As a direct and proximate result of the Defendant, Princeton Properties', its agents, servants, or employees' breach of the covenant of quiet enjoyment, the Plaintiff was caused to sustain severe and permanent personal injuries, has suffered great pain of body and anguish of mind, has incurred medical expenses he would not otherwise have incurred, lost wages, and has otherwise been harmed and damaged.

F. COUNT VI – RANDY HANCOCK V. ROLAND FONG d/b/a R&R LAWN MAINTENANCE AND LANDSCAPING - NEGLIGENCE

52. The Plaintiff hereby incorporates paragraphs one (1) through fifty-one (51) as if fully and completely set forth herein.

53. The Defendant, Roland Fong dba R & R Lawn Maintenance & Landscaping was negligent and careless in the manner in which it maintained the apartment complex where the Plaintiff fell.

54. As a direct and proximate result of the negligence and carelessness of the Defendant, Roland Fong d/b/a R&R Lawn Maintenance & Landscaping, the Plaintiff was caused to sustain severe and permanent personal injuries, has suffered pain of body and anguish of mind, has incurred medical expenses he would not otherwise have incurred, has lost wages, and has otherwise been harmed and damaged.

G. COUNT VII – RANDY HANCOCK V. GREATSCAPES OF NASHUA, INC. – NEGLIGENCE

55. The Plaintiff hereby incorporates paragraphs one (1) through fifty-four (54) as if fully and completely set forth herein.

56. The Defendant, Greatscapes of Nashua, Inc., was negligent and careless in the manner in which it maintained the apartment complex were the Plaintiff fell.

57. As a direct and proximate result of the negligence and carelessness of the Defendant, Greatscapes of Nashua, Inc., the Plaintiff was caused to sustain severe and permanent personal injuries, has suffered great pain of body and anguish of mind, has incurred medical expenses he would not otherwise have incurred, lost wages, and has otherwise been harmed and damaged.

VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Randy L. Hancock, by counsel, respectfully requests that this Court enter judgment in his favor against all Defendants, together with interest, attorneys fees and costs.

DEMAND FOR JURY TRIAL

Plaintiff, Randy L. Hancock, by his attorney, respectfully requests a jury trial for all issues deemed triable by jury.

The Plaintiff,
By his Attorney,

/s/ Mark S. Shuman

Mark S. Shuman (BBO# 549444)
Law Offices of Mark S. Shuman, P.C.
150 Federal Street, 12th Floor
Boston, MA 02110
617-443-0003

## CERTIFICATE OF SERVICE

I, Mark S. Shuman, do hereby certify that on this 8th day of July, 2005 that I served a copy of the documents listed below upon counsel of record for all other parties by United States mail postage pre-paid.

- Plaintiff's Motion To Amend Complaint Pursuant To Fed. R. Civ. P. 15(a)
- Plaintiff's Memoranda In Support of Motion To Amend Complaint
- Plaintiff's Second Amended Complaint

_____
Mark S. Shuman