UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| RANDY HANCOCK,<br>    Plaintiff<br>v.<br><br>PRINCETON PROPERTIES MANAGEMENT,<br>INC., d/b/a PRINCETON PROPERTIES<br>APARTMENTS, CHRISTIAN H.<br>GARGUREVICH, and ROLAND FONG d/b/a<br>R&R LAWN MAINTENANCE AND<br>LANDSCAPING,<br>    Defendants | C.A. NO.: 04-10781NMG |

## PLAINTIFF'S MEMORANDA IN SUPPORT OF
## MOTION TO AMEND COMPLAINT

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action for severe and permanent personal injuries sustained on February 8, 2004 when the Plaintiff slipped and fell as a result of a dangerous and unnatural accumulation of ice at an apartment complex owned and/or controlled by the Defendant, Princeton Properties Management, Inc. (hereinafter "Princeton"). The Plaintiff had exited an exterior door to his apartment building and was heading down a walkway leading to the parking lot when he initially began to slip and fall. The Plaintiff suffered a fractured tibia/fibula, has undergone several surgical procedures, has incurred over $60,000.00 in medical bills, and has yet to return to work since the incident occurred.

The Plaintiff, who presently resides in Illinois, arrived in Massachusetts approximately two weeks prior to the incident (he was a temporary worker during tax season at a financial services company located in Westford, Massachusetts) and was living in an extended stay furnished apartment at the Princeton Park apartment complex. The Plaintiff intended to reside there through the end of the tax season – approximately April 15, 2004.

The Plaintiff initially commenced suit asserting negligence claims only against Princeton and Christian Gargurevich. The Defendant, Gargurevich, negligently had parked his motor vehicle at least partially in the walkway around and about where the Plaintiff fell, the Plaintiff's foot got lodged under the edge of the tire and thus the Plaintiff contends that Mr. Gargurevich is partially responsible for the incident. The Plaintiff asserts that Princeton was negligent with respect to the maintenance and operation of its rainwater drainage system, negligent in permitting Gargurevich to park his car in the walkway when there had been prior complaints regarding the same and generally negligent in its maintenance of the premises where the incident occurred. Discovery revealed that Princeton contracted with the Defendant, Roland Fong d/b/a R&R Lawn Maintenance & Landscaping, to provide snow and/or ice removal services. A copy of said contract is marked Exhibit "A". The Plaintiff, in his amended complaint named Roland Fong d/b/a R&R Lawn Maintenance and Landscaping. The correct name of the d/b/a is R&R Lawn Maintenance & Landscaping. The Plaintiff seeks to amend his complaint to correct this misnomer. The Defendant, Roland Fong, in his answer to the complaint, however, asserts that he is misnamed and that the correct name of the Defendant is Greatscapes of Nashua, Inc. (hereinafter "Greatscapes"). The Plaintiff thus seeks to add Greatscapes as a party defendant to this case.[1]

The Plaintiff also seeks to amend his complaint to add claims of breach of warranty of habitability and breach of the covenant of quiet enjoyment against Princeton.

## ARGUMENT

Fed. R. Civ. P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The policy of the federal rules is to permit the liberal amendment of pleadings to facilitate determination of claims on their merits and not on

---

[1] As the contract itself indicates that Roland Fong d/b/a R&R Lawn Maintenance & Landscaping contracted with Princeton, the Plaintiff is not at this time prepared to dismiss his claims against Roland Fong. Invoices submitted to Princeton for snow/ice removal services indicate that Greatscapes is "A division of R&R Lawn Maintenance & Landscaping." An insurance document, however, suggests the opposite – that Greatscapes does business as R&R Lawn Maintenance & Landscaping. The Plaintiff has propounded discovery regarding the relationship between Greatscapes, Fong, and R&R Lawn Maintenance & Landscaping, and the deposition of Mr. Fong is scheduled. The Plaintiff will re-assess whether it is appropriate to dismiss his claims as to Roland Fong d/b/a R&R Lawn Maintenance & Landscaping upon the completion of discovery.

technicalities of pleading rules. Dussouy v. Gulf Coast Investment Corporation, 660 F.
2d 594, 597 (5th Cir 1981) citing Foman v. Davis, 371 US 178 (1962). Leave to amend
pleadings must be granted with "extreme liberality." United States v. Webb, 655 F. 2d
977 (9th Cir. 1981) quoting Rosenberg Brothers & Co. v. Arnold, 283 F. 2d 406 (9th Cir.
1960). Unless there is a substantial reason to deny leave to amend, then the motion must
be allowed. Dussouy, supra, at 598.

I.      GREATSCAPES AND R&R AMENDMENT

        With respect to the Greatscapes amendment, both the contract between Princeton
and R&R and invoices submitted to Princeton list its address as 41 Nightingale Road,
Nashua, New Hampshire. Per the 2005 Greatscapes Annual Report on record at the New
Hampshire Secretary of State's office, Roland Fong is the President of Greatscapes and
Greatscapes has a principal place of business at 41 Nightingale Road, Nashua, New
Hampshire. A copy of the Annual Report is marked Exhibit "B". Mr. Fong has been
involved in this case for several months, his counsel was present at the deposition of the
Plaintiff and had a full and complete opportunity to ask any questions that he wished.
There is clearly a close relationship between Mr. Fong and Greatscapes, Greatscapes will
not be prejudiced by being added as a party, and the trial, which is not yet even
scheduled, will not be delayed by permitting the Plaintiff to add Greatscapes as a party at
this time.

        With respect to the minor change in the name of R&R Lawn Maintenance &
Landscaping, the Defendant will in no way be prejudiced and no scheduling deadlines
will be affected by the amendment.

II.     AMENDMENT TO ADD CLAIMS FOR BREACH OF WARRANTY OF
        HABITABILITY AND COVENANT OF QUIET ENJOYMENT

        The Plaintiff was clearly living at the Princeton Park apartment complex with the
knowledge and consent of Princeton. A copy of a Parking Application submitted to
Princeton with the Plaintiff's name on it is marked Exhibit "C". In Boston Housing
Authority v. Hemingway, 363 Mass. 184, 199 (1973), the Supreme Judicial Court of
Massachusetts held that in the rental of premises for dwelling purposes, there is an

implied warranty of habitability – that during the tenancy there are no defects in facilities vital to the use of the premises for residential purposes. The minimum standards under the warranty of habitability are measured by applicable building and sanitary codes. Doe v. New Bedford Housing Authority, 417 Mass. 273, 281, 630 N.E. 2d 248 (1994). In the case at bar, the Plaintiff asserts that he slipped and fell on a large, dangerous, and unnatural accumulation of ice on the walkway. Both the Massachusetts Building Code and Sanitary Code provide that means of egress/exits must be maintained in a safe condition. The condition of the means of egress – as described by the Plaintiff-constitutes a violation of applicable codes and constitutes a breach of the warranty of habitability.

The covenant of quiet enjoyment protects a tenant's rights to freedom from serious interference with his tenancy – acts or omissions which impair the character and value of the leased premises. Doe v. New Bedford Housing Authority, supra at p. 285. In Ianello v. Court Management Corp., 400 Mass. 321, 323-324 (1987), the Supreme Judicial Court held that locking a tenant out of a common "conference room" where tenant used and stored weight lifting equipment constituted a breach of the covenant of quiet enjoyment. The Plaintiff was exposed to great hazard and danger entering and exiting his apartment building. It is fundamental that a landlord provide a safe means to enter/exit the premises and the failure to provide the same indeed constitutes a violation of applicable codes and is a serious interference with the Plaintiff's use of the premises. In the case at bar, the large, unnatural accumulation of ice rendered entering and exiting the apartment building where the Plaintiff lived treacherous and hazardous and constitutes a breach of the covenant of quiet enjoyment.

The breach of the warranty of habitability and covenant of quiet enjoyment claims against Princeton both arise out of the exact same set of facts as previously alleged. They are simply additional theories of recovery. They do not allege any new facts whatsoever that will require additional discovery. The trial in this matter is not even scheduled yet and permitting the Plaintiff to amend his complaint to add these new theories of recovery will not affect either the presently set discovery deadline or any trial date which has yet to even be set.

III.    THE STATUTE OF LIMITATIONS HAS NOT EXPIRED AND THUS THE
        PLAINTIFF COULD FILE A NEW COMPLAINT IF THE INSTANT MOTION
        WERE DENIED

The incident the subject matter of this action occurred on February 8, 2004, the statute of limitations has not expired and thus the Plaintiff would be free to file a new complaint against Greatscapes and Princeton alleging breach of warranty of habitability and covenant of quiet enjoyment. Under such circumstances, the proper course of action is to allow an amendment. Dussouy v. Gulf Coast Investment Corporation, 660 F 2d 594, 599-600 (5th Cir. 1981).

                                        The Plaintiff,
                                        By his Attorney,


                                        Mark S. Shuman
                                        Law Offices of Mark S. Shuman, P.C.
                                        150 Federal Street, 12th Floor
                                        Boston, MA  02110
                                        617-443-0003
                                        BBO# 549444