## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**DOCKET NO. 04-10781DPW**

| | |
|---|---|
| RANDY L. HANCOCK,            Plaintiff, | ) ) ) |
| v. | ) ) |
| PRINCETON PROPERTIES MANAGEMENT, INC., CHRISTIAN H. GARGUREVICH and GREATSCAPES OF NASHUA, INC.,            Defendants | ) ) ) ) |

### PRINCETON PROPERTIES MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

### I. NATURE OF CASE

1. The defendant admits the allegations contained in paragraph 1 of the plaintiff's Second Amended Complaint.

### II. PARTIES

2. The defendant admits the allegations contained in paragraph 2 of the plaintiff's Second Amended Complaint.

3. The defendant, properly named as Princeton Properties Management, Inc., admits that it is a corporation organized under the laws of the Commonwealth of Massachusetts doing business within the geographic boundaries of the Eastern District of Massachusetts at all times relevant to this action.

4. The defendant is without knowledge of the allegations contained in paragraph 4 of the plaintiff's Second Amended Complaint and, therefore, denies them and calls on the plaintiff to prove same.

5. The defendant is without knowledge of the allegations contained in paragraph 5 of the plaintiff's Second Amended Complaint and, therefore, denies them and calls on the plaintiff to prove same.
6. The defendant is without knowledge of the allegations contained in paragraph 6 of the plaintiff's Second Amended Complaint and, therefore, denies them and calls on the plaintiff to prove same.

### III. JURISDICTION AND VENUE

7. The defendant is without knowledge of the allegations contained in paragraph 7 of the plaintiff's Second Amended Complaint and, therefore, denies them and calls on the plaintiff to prove same.
8. The defendant is without knowledge of the allegations contained in paragraph 8 of the Plaintiff's Second Amended Complaint and, therefore, denies them and calls on the plaintiff to prove same.
9. The defendant is without knowledge of the allegations contained in paragraph 9 of the Plaintiff's Second Amended Complaint and, therefore, denies them and calls on the plaintiff to prove same.
10. The defendant admits the allegations in paragraph 10 of the Plaintiff's Second Amended Complaint.
11. The defendant admits the allegations in paragraph 11 of the Plaintiff's Second Amended Complaint.

### IV. FACTUAL ALLEGATIONS

12. The defendant denies the allegations contained in paragraph 12 of the plaintiff's Second Amended Complaint.
13. The defendant denies the allegations contained in paragraph 13 of the plaintiff's Second Amended Complaint.
14. The defendant denies the allegations contained in paragraph 14 of the plaintiff's Second Amended Complaint.

15. The defendant denies the allegations contained in paragraph 15 of the plaintiff's Second Amended Complaint.
16. The defendant denies the allegations contained in paragraph 16 of the plaintiff's Second Amended Complaint.
17. The defendant denies the allegations contained in paragraph 17 of the plaintiff's Second Amended Complaint.
18. The defendant is without knowledge of the allegations contained in paragraph 18 of the plaintiff's Second Amended Complaint and, therefore, denies them and calls on the plaintiff to prove same.
19. The defendant denies the allegations contained in paragraph 19 of the plaintiff's Second Amended Complaint.
20. The defendant admits the allegations contained in paragraph 20 of the plaintiff's Second Amended Complaint.
21. The defendant admits the allegations contained in paragraph 21 of the plaintiff's Second Amended Complaint.
22. The defendant denies the allegations contained in paragraph 22 of the plaintiff's Second Amended Complaint.

## V. CLAIMS

### A. COUNT I - RANDY HANCOCK V. PRINCETON PROPERTIES - NEGLIGENCE

23. The defendant restates and incorporates by reference its answers to paragraphs 1 through 23 of the plaintiff's Second Amended Complaint.
24. The defendant admits the allegations contained in paragraph 24 of the plaintiff's Second Amended Complaint.
25. The defendant denies the allegations contained in paragraph 25 of the plaintiff's Second Amended Complaint.
26. The defendant denies the allegations contained in paragraph 26 of the plaintiff's Second Amended Complaint.

27. The defendant denies the allegations contained in paragraph 27 of the plaintiff's Second Amended Complaint.
28. The defendant denies the allegations contained in paragraph 28 of the plaintiff's Second Amended Complaint.

**B. COUNT II - RANDY HANCOCK V. CHRISTIAN H. GARGUREVICH – NEGLIGENCE**

29. The defendant restates and incorporates by reference its answers to paragraphs 1 through 29 of the plaintiff's Second Amended Complaint.
30. The defendant declines to answer paragraph 30 of the plaintiff's Second Amended Complaint as it does not pertain to this defendant.
31. The defendant declines to answer paragraph 31 of the plaintiff's Second Amended Complaint as it does not pertain to this defendant.
32. The defendant declines to answer paragraph 32 of the plaintiff's Second Amended Complaint as it does not pertain to this defendant.
33. The defendant declines to answer paragraph 33 of the plaintiff's Second Amended Complaint as it does not pertain to this defendant.
34. The defendant declines to answer paragraph 34 of the plaintiff's Second Amended Complaint as it does not pertain to this defendant.
35. The defendant declines to answer paragraph 35 of the plaintiff's Second Amended Complaint as it does not pertain to this defendant.

**C. COUNT III - RANDY HANCOCK V. PRINCETON PROPERTIES – NEGLIGENCE**

36. The defendant restates and incorporates by reference its answers to paragraphs 1 through 36 of the plaintiff's Second Amended Complaint.
37. The defendant admits the allegations contained in paragraph 37 of the plaintiff's Second Amended Complaint.
38. The defendant denies the allegations contained in paragraph 38 of the plaintiff's Second Amended Complaint.

39. The defendant denies the allegations contained in paragraph 39 of the plaintiff's Second Amended Complaint.
40. The defendant denies the allegations contained in paragraph 40 of the plaintiff's Second Amended Complaint.
41. The defendant denies the allegations contained in paragraph 41 of the plaintiff's Second Amended Complaint.

**D. COUNT IV - RANDY HANCOCK V. PRINCETON PROPERTIES –BREACH OF WARRANTY OF HABITABILITY**

42. The defendant restates and incorporates by reference its answers to paragraphs 1 through 42 of the plaintiff's Second Amended Complaint.
43. The defendant admits the allegations contained in paragraph 43 of the plaintiff's Second Amended Complaint.
44. The defendant admits the allegations contained in paragraph 44 of the plaintiff's Second Amended Complaint.
45. The defendant admits the allegations contained in paragraph 45 of the plaintiff's Second Amended Complaint.
46. The defendant denies the allegations contained in paragraph 46 of the plaintiff's Second Amended Complaint.
47. The defendant denies the allegations contained in paragraph 47 of the plaintiff's Second Amended Complaint.

**E. COUNT V - RANDY HANCOCK V. PRINCETON PROPERTIES –BREACH OF COVENANT OF QUIET ENJOYMENT**

48. The defendant restates and incorporates by reference its answers to paragraphs 1 through 48 of the plaintiff's Second Amended Complaint.
49. The defendant admits the allegations contained in paragraph 49 of the plaintiff's Second Amended Complaint.
50. The defendant denies the allegations contained in paragraph 50 of the plaintiff's Second Amended Complaint.

51. The defendant denies the allegations contained in paragraph 51 of the plaintiff's Second Amended Complaint.

### F. COUNT VI - RANDY HANCOCK V. ROLAND FONG d/b/a R&R LAWN MAINTENANCE AND LANDSCAPING – NEGLIGENCE

52. The defendant restates and incorporates by reference its answers to paragraphs 1 through 52 of the plaintiff's Second Amended Complaint.
53. The defendant declines to answer paragraph 53 of the plaintiff's Second Amended Complaint as it does not pertain to this defendant.
54. The defendant declines to answer paragraph 54 of the plaintiff's Second Amended Complaint as it does not pertain to this defendant.

### G. COUNT VII - RANDY HANCOCK V. GREAT ESCAPES OF NASHUA, INC. – NEGLIGENCE

55. The defendant restates and incorporates by reference its answers to paragraphs 1 through 55 of the plaintiff's Second Amended Complaint.
56. The defendant declines to answer paragraph 56 of the plaintiff's Second Amended Complaint as it does not pertain to this defendant.
57. The defendant declines to answer paragraph 57 of the plaintiff's Second Amended Complaint as it does not pertain to this defendant.

### VI. REQUEST FOR RELIEF

WHEREFORE, the defendant denies that the plaintiff is entitled to judgment against it.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The defendant says that the injuries and damages alleged were caused in whole or in part by the plaintiff's negligence which was greater than any negligence of the defendant.

### SECOND AFFIRMATIVE DEFENSE

The injuries and damages alleged by the plaintiff were caused by the conduct of a third person for whose conduct the defendant is not responsible.

### THIRD AFFIRMATIVE DEFENSE

The cause of action asserted in the Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## CROSSCLAIMS

### PRINCETON PROPERTIES MANAGEMENT, INC.

v.

### CHRISTIAN H. GARGUREVICH

1. The defendant, Princeton Properties Management, Inc., in the above action hereby asserts the following claim, as a Crossclaim against the co-defendant, Christian H. Gargurevich.

2.   The defendant alleges that if the plaintiff recovers judgment against the defendant on the claim asserted in the above-action, that the defendant is entitled to form indemnification from the co-defendant, Christian H. Gargurevich.

3.   The defendant further alleges that if the plaintiff recovers judgment against the defendant on the claim asserted in the above-action, that the defendant is entitled to contribution pursuant to M.G.L. c. 231B, §1 from the co-defendant, Christian H. Gargurevich.

### PRINCETON PROPERTIES MANAGEMENT, INC.

### v.

### GREATSCAPES OF NASHUA, INC.

4.   The defendant, Princeton Properties Management, Inc., in the above action hereby asserts the following claim, as a Crossclaim against the co-defendant, Greatscapes of Nashua, Inc.

5.   The defendant alleges that if the plaintiff recovers judgment against the defendant on the claim asserted in the above-action, that the defendant is entitled to form indemnification from the co-defendant, Greatscapes of Nashua, Inc.

6.   The defendant further alleges that if the plaintiff recovers judgment against the defendant on the claim asserted in the above-action, that the defendant is entitled to contribution pursuant to M.G.L. c. 231B, §1 from the co-defendant, Greatscapes of Nashua, Inc.

**THE DEFENDANT DEMANDS A TRIAL BY JURY ON EACH AND EVERY COUNT OF THE PLAINTIFF'S CAUSE OF ACTION.**

        Respectfully Submitted,
        The Defendant,
        Princeton Properties Management, Inc.,
        By Its Attorney,

        Denise Lauretti
        BBO# 550899
        Horn & Lauretti
        225 Friend Street, Suite 204
        Boston, MA 02114
        (617) 589-3000

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each party by mail on August 29, 2005.

Denise Lauretti