UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| RANDY L. HANCOCK,<br>    Plaintiff<br><br>v.<br><br>PRINCETON PROPERTIES MANAGEMENT, INC.<br>d/b/a PRINCETON PROPERTIES APARTMENTS<br>CHRISTIAN H. GARGUREVICH, and<br>ROLAND FONG dba R & R LAWN<br>MAINTENANCE AND LANDSCAPING and<br>GREATSCAPES OF NASHUA, INC.,<br>    Defendants, | C.A. NO. 04-10781NMG |

## GREATSCAPES OF NASHUA, INC.'S ANSWER TO
## DEFENDANT, PRINCETON PROPERTIES MANGEMENT, INC.'S CROSSCLAIM

4. Defendant Greatscapes of Nashua, Inc. can neither admit nor deny the averments of paragraph 4 of the defendant Princeton Properties Management, Inc.'s crossclaim complaint, as it has no personal knowledge thereof.

5. Defendant Greatscapes of Nashua, Inc. denies the averments of paragraph 5 of the defendant Princeton Properties Management, Inc.'s crossclaim complaint.

6. Defendant Greatscapes of Nashua, Inc. denies the averments of paragraph 6 of the defendant Princeton Properties Management, Inc.'s crossclaim complaint.

### AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim against this defendant, Greatscapes of Nashua, Inc. for which relief can be granted

2. Defendant, Greatscapes of Nashua, Inc. says that the injuries or damages alleged were caused in whole or in part by the plaintiff's own negligence, or the negligence of the person in whose care and custody the plaintiff was at the time of the accident alleged in plaintiff's complaint.

3. The defendant, Greatscapes of Nashua, Inc. says that the acts or omissions alleged in plaintiff's complaint to be negligent were committed, if at all, by a person or persons for whose conduct the defendant Greatscapes of Nashua, Inc. not legally responsible.

4. Defendant Greatscapes of Nashua, Inc. says that the injuries or damages alleged were caused in whole or in part by the conduct of the plaintiff and/or the plaintiff's agents, servants or employees, which conduct violated the various laws, statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

5. In the event the defendant Greatscapes of Nashua, Inc. is found negligent, which the defendant Greatscapes of Nashua, Inc. denies, then the defendant Greatscapes of Nashua, Inc. says that the plaintiff was comparatively negligent and that said negligence was greater than that of the defendant, Greatscapes of Nashua, Inc. barring plaintiff's recovery.

6. The defendant Greatscapes of Nashua, Inc. says that if it shall appear at the trial of this matter that the plaintiff sustained injuries and/or damages as alleged in the complaint, then said injuries and/or damages were the result of the negligence of the plaintiff, which was the cause or a contributing cause of said injuries and/or damages.

7. The defendant Greatscapes of Nashua, Inc. says that there has been an insufficiency of process.

8. The defendant, Greatscapes of Nashua, Inc. says that there has been an insufficiency of service of process.

9. The defendant Greatscapes of Nashua, Inc. says that the plaintiff has not commenced this action within the time allowed by statute for the commencement of such actions.

10. The defendant Greatscapes of Nashua, Inc. denies each and every paragraph, averment, item and matter set forth in plaintiff's complaint, which has not been specifically admitted.

THE DEFENDANT GREATSCAPES OF NASHUA, INC. DEMANDS A TRIAL BY JURY ON ALL ISSUES.

Date: 11/17/05

By its attorney,

Robert P. Turner, Esquire
BBO#: 504900
LAW OFFICES OF BRUCE R. FOX
27B Midstate Office Park
Auburn, MA 01501
Telephone: (866) 290-7435

- 3 -

## CERTIFICATE OF SERVICE

I, Robert P. Turner, attorney for the above named defendant, do hereby certify that I caused a copy of the within document to be served upon each named party by mailing a copy of same, postage prepaid, to each party's counsel of record, namely:

Mark S. Shuman
Law Office of Mark S. Shuman, P.C.
535 Boylston Street, 8th Floor
Boston, MA 02116

Denise Lauretti, Esq.
Horn & Lauretti
225 Friend Street
Boston, MA 02114

Signed under the pains and penalties of perjury this _17th_ day of _November_ 2005.

_____
Robert P. Turner Esquire